OPINION
{¶ 1} Plaintiff-appellant Dennis Swartzbaugh appeals from a summary judgment rendered against him in the Miami County Court of Common Pleas. Swartzbaugh contends that the trial court erred by granting summary judgment to defendant-appellee Bethel Township Board of Trustees (the Board), because he demonstrated the existence of a genuine issue of material fact with regard to whether the Board is entitled to judgment. Swartzbaugh bases this contention upon an alleged ambiguity in the applicable zoning regulations pertaining to the length of the original term of a permit issued to allow a landowner to have a temporary residence on property while a permanent residence is being built. We conclude that this alleged ambiguity is not material to this cause, since Swartzbaugh had applied for, and had received, an extension of the original term of the permit to a date certain, and this extension, by its own terms, had expired.
 {¶ 2} Because we conclude that there is no genuine issue of material fact and that the Board is entitled to judgment as a matter of law, the judgment of the trial court is affirmed.
 I {¶ 3} Swartzbaugh purchased forty acres of property in Bethel Township, Miami County, Ohio on February 4, 2000 with the intent to build a residence on the property. Because he did not trust a contractor to do a "good job," he began to build a residence himself. In the meantime, Swartzbaugh moved a mobile home onto the property, intending to reside in the mobile home until he completed building his residence.
 {¶ 4} Swartzbaugh's property is zoned "General Agricultural, A-2" pursuant to the Bethel Township Zoning Code. A mobile home is not a permitted principal use for the property. The Bethel Township Zoning Inspector informed Swartzbaugh that he would therefore need to seek a permit for the mobile home.
 {¶ 5} Swartzbaugh applied for a temporary use permit on July 20, 2000. The application was approved that same day. The permit allowed Swartzbaugh to keep the mobile home on the property for a period of twelve months beginning on August 1, 2000 and expiring on August 1, 2001. On June 12, 2001, prior to the expiration of the permit, Swartzbaugh submitted a request for an extension of the permit. He was granted an eight-month extension that expired on a date certain of April 1, 2002. By letter dated March 6, 2002, the Township informed Swartzbaugh that he must remove the mobile home on or before the expiration of the extension.
 {¶ 6} Prior to the April 1, 2002 deadline, Swartzbaugh filed suit against the Board seeking to enjoin the Township from enforcing its decision to require removal of the mobile home. Thereafter, the Township filed suit to enjoin Swartzbaugh from continued use of the mobile home on the property in violation of the zoning code. A hearing was held on Swartzbaugh's request for a preliminary injunction. The trial court denied the requested relief. Swartzbaugh then filed a notice of appeal with this court regarding the denial of his request for an injunction. This court issued a decision and entry in which we dismissed the appeal for lack of a final appealable order.
 {¶ 7} On remand, the Township filed a motion for summary judgment on its complaint for permanent injunctive relief and on Swartzbaugh's complaint for injunctive relief. The trial court rendered summary judgment in favor of the Township. From the summary judgment rendered against him, Swartzbaugh appeals.
 II {¶ 8} Swartzbaugh's sole Assignment of Error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW IN GRANTING DEFENDANT-APPELLEE, BETHEL TOWNSHIP BOARD OF TRUSTEES', MOTION FOR SUMMARY JUDGMENT AS THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER PLAINTIFF-APPELLANT, DENNIS SWARTZBAUGH, VIOLATED THE ARBITRARY AND MISLEADING ZONING ORDINANCE WHICH DEFENDANT-APPELLEE SOUGHT TO ENFORCE THROUGH THE ISSUANCE OF A PERMANENT INJUNCTION."
 {¶ 10} Swartzbaugh contends that the trial court erred in rendering summary judgment in favor of the Township. He claims that he demonstrated the existence of a genuine issue of material fact regarding whether the Township had proven that he had violated the zoning code. Specifically, he claims that the portion of the zoning code at issue is ambiguous, arbitrary and misleading, and thus, presents a question of fact as to whether he in fact was in violation.
 {¶ 11} Section 17.13 of the Bethel Township Zoning Regulations, which governs temporary use permits, provides as follows:
 {¶ 12} "The temporary permit shall be valid for twelve (12) months, with construction to commence within ninety (90) days after issuance of the required permits. Any request for extension of the eighteen (18) month period must be made to the Board of Appeals for its consideration as a Conditional Use."
 {¶ 13} The above-quoted language is obviously confusing in that the initial term of a temporary permit issued thereunder is introduced as being a twelve-month period, but in the very next sentence, it is referred to as an eighteen-month period. The Township conceded at trial that this language could be misleading, and that the reference to an eighteen-month period was a mistake. Swartzbaugh contends that he was entitled to keep the mobile home on the property for eighteen months rather than merely for twelve months.
 {¶ 14} In our view, the discrepancy in the above-quoted language of the zoning regulations is not material to any dispositive issue in this cause. From the evidence in the record it is clear that Swartzbaugh was granted a temporary use permit, and that the permit expressly stated that it was valid for a twelve-month period. Swartzbaugh was aware of the time limits set forth in the permit. He applied for an extension before the expiration of the twelve-month period. He was then given an eight-month extension of the permit, to a date certain of April 1, 2002. From the evidence in the record, it is clear that Swartzbaugh was also aware of the time limit in the extension. The record clearly demonstrates that, regardless of any ambiguity in the language in the zoning regulations, Swartzbaugh could not reasonably have been confused or misled by the permits that were issued to him by the Township.
 {¶ 15} The record shows that the Township permitted Swartzbaugh to keep the mobile home on the property for twenty months — two months longer than the eighteen months he claims he was entitled to under Section 17.13 of the zoning regulations. The Township was not required to issue any extension of the temporary use permit.
 {¶ 16} This case concerns the continued use of a mobile home on property that is not zoned for mobile homes. The Township permitted Swartzbaugh to maintain the home pursuant to a temporary use permit. That permit has now expired, and the Township is thus entitled to relief. We conclude that there is no genuine issue of material fact, and that the Township is entitled to judgment as a matter of law.
 {¶ 17} Accordingly, the sole Assignment of Error is overruled.
 III {¶ 18} Swartzbaugh's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
BROGAN and YOUNG, JJ., concur.